UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ANGELLE GELVIN                                    CIVIL ACTION

v.                                                NO. 12-734

STATE FARM MUTUAL AUTOMOBILE                      SECTION "F"
INSURANCE COMPANY

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

**Background**

This personal injury lawsuit arises out of a three-car accident that occurred in early December 2008 in Mobile, Alabama. Dr. Angelle Gelvin, M.D., the plaintiff, asserts that when she was driving her 2006 Volvo 540, her car was rear-ended by a 1994 Chevrolet S-10 truck being driven by Vernon L. Hawkins, who had been forced to strike the plaintiff's Volvo because his truck had been struck from behind by a 1998 Nissan Maxima, which was driven by Reginald L. Jones, an uninsured or underinsured motorist.[1]

At the time of the accident, Dr. Gelvin had a policy of automotive liability insurance, which included coverages for accidents caused by uninsured or underinsured motorists, issued by State Farm Mutual Automobile Insurance Company.  She filed an

---

[1]Apparently Jones maintained only the minimum statutory limits of liability with his insurer, Geico Indemnity Insurance Company.

1

insurance claim. State Farm initially paid Dr. Gelvin's property loss under its collision coverage, less plaintiff's $1,000 deductible. Geico then reimbursed State Farm's subrogated claim for the property loss that State Farm had paid, and GEICO also reimbursed Dr. Gelvin for her $1,000 deductible.

To discover GEICO's liability limits and to confirm that Jones was solely liable for the accident, Dr. Gelvin asserts that she sued Jones and GEICO in Alabama, and that the Alabama suit has confirmed that Jones was solely at fault in causing the accident and that his insurance policy with GEICO limits the liability for injuries to one person to $25,000.[2] Dr. Gelvin has submitted her proof of loss to State Farm, which has "refused to pay or tender any funds pursuant to her UM coverage."[3]

Accordingly, on February 1, 2012 Dr. Gelvin sued State Farm,[4] asserting that State Farm breached its obligations under the insurance contract and breached its duty of good faith and fair dealing. Dr. Gelvin asserts that the $25,000 liability limits

---

[2]The status of the Alabama litigation is unclear from Dr. Gelvin's Louisiana state court petition. Apparently, Dr. Gelvin has asserted an alternative underinsured motorist coverage claim against State Farm in Alabama, but apparently does not seek statutory penalties in that litigation.

[3]Dr. Gelvin contends that "State Farm has followed an erroneous and arbitrary strategy of advising Dr. Gelvin that she must proceed to trial in Mobile, Alabama before State Farm will consider or pay or claim."

[4]State Farm was served on February 20, 2012.

afforded by the GEICO policy is "woefully insufficient" to compensate her and, thus, State Farm is liable for all monetary damages that are reasonable that exceed the $25,000 insurance limits of GEICO's policy, with costs, penalties, and attorney's fees.[5] On March 16, 2012 State Farm removed the lawsuit to this Court, invoking this Court's diversity jurisdiction.

The plaintiff now seeks to remand this lawsuit.

### I.
*A.*

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case, that is, if the plaintiff could have brought the action in federal court from the outset. See 28 U.S.C. § 1441(a). Although the plaintiff challenges removal in this case, the removing defendant has the burden of showing the propriety of this Court's removal jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand. York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp.

---

[5] Dr. Gelvin seeks to recover under the insurance policy for various accident-related medical expenses, and she also seeks to recover for pain and suffering, depression, mental anguish, and statutory penalties under both La.R.S. 22:1973 and 22:1892.

3

85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

*B.*

To exercise diversity jurisdiction, complete diversity must exist between the plaintiff and the defendant, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332. The only dispute here is whether the amount-in-controversy requirement is met.

To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720 (5th Cir. 2002); see also Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995). Louisiana law forbids a plaintiff from including a specific amount of damages in her prayer for relief. LA. CODE CIV. PROC. art. 893. When the plaintiff has alleged an indeterminate amount of damages, as is the case in Louisiana, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). This showing may be made by either (1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000, or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the

4

jurisdictional amount. See Manguno, 276 F.3d at 723; Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). Where the complaint is ambiguous as to whether the injuries surpass the jurisdictional amount in controversy, the Court may consider a post-removal affidavit that clarifies the original complaint. Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, 988 F.2d 559, 565 (5th Cir. 1993), abrogated on other grounds by Marathon Oil Co. V. Ruhrgas, 145 F.3d 211 (5th Cir. 1998).

If the removing party satisfies its burden, the plaintiff can only defeat removal by showing that it is "legally certain that [her] recovery will not exceed the amount stated in the state complaint." De Aquilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995); see St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.")). Absent a statute that restricts recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul makes later filings irrelevant." De Aquilar, 47 F.3d at 1412 (quoting In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)).

II.

The defendant contends that it is facially apparent that

5

from the allegations of the state court petition that the jurisdictional minimum amount in controversy requirement is met. The Court disagrees.

In making the "facially apparent" determination, the proper procedure is to examine the plain wording of the complaint and decide whether the allegations set forth a claim that likely exceeds the jurisdictional amount. See Allen v. R&H Oil and Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995). Here, Dr. Gelvin seeks to recover uninsured motorist coverage benefits to compensate her for her injuries plus extra-contractual damages under state law penalty statutes. Nevertheless, the defendant contends that the plaintiff's allegations in the state court petition here are allegations that are likely to result in an award in excess of the federal jurisdictional amount, emphasizing that Dr. Gelvin seeks to recover statutory penalties under both La.R.S. 22:1892 and La.R.S. 22:1973. By State Farm's calculation, the plaintiff is claiming $25,000 in underinsured motorist benefits plus up to $50,000 in statutory penalties plus $5,000 in attorney's fees. But these amounts are not specified in the complaint.

Because it is not facially apparent that the amount in controversy exceeds $75,000, State Farm must set forth the facts in controversy that support a finding of the jurisdictional amount. See Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). It is undisputed that the State Farm policy has coverage

limits of $25,000 per person/$50,000 per accident and $5,000 medical payments coverage limits. To date, State Farm contends that it has paid the $5,000 medical coverage limits.

In insisting that the amount in controversy exceeds $75,000, State Farm argues that Dr. Gelvin's claims for statutory penalties and attorney's fees puts the amount in controversy over the necessary threshold. State Farm correctly notes that claims for penalties and attorney's fees authorized by statute are to be considered by the Court in determining the amount in controversy. See, e.g., Manguno, 276 F.3d at 723-24; Ardoin v. Allstate Ins. Co., No. 06-7624, 2007 WL 07062, at *2 (E.D.La. 2007)(Vance, J.). Accordingly, the Court considers the penalties authorized by La.R.S. 22:1892 and La.R.S. 22:1973.

La.R.S. 22:1892(B)(1) requires that insurers pay penalties equal to 50 percent of the insured's damage amount (the contractual amount due), or $1,000, whichever is greater, plus costs and attorney's fees where the insurer arbitrarily fails to pay funds within 30 days of receiving plaintiff's proof of loss. La.R.S. 22:1892(B)(1); Durio v. Horace Mann Ins. Co., 74 So.3d 1159 (La. 2011).

La.R.S. 22:1973 imposes a duty of good faith and fair dealing on insurers, and requires that insurers who arbitrarily fail to pay claims due within 60 days must pay "any general or special damages to which a claimant is entitled for breach of the

7

imposed duty"; additionally, penalties -- of up to "two times the damages sustained, or [$5,000], whichever is greater" may be awarded. La.R.S. 22:1973(B)(5), (C); Durio v. Horace Mann Ins. Co., 74 So.3d 1159 (La. 2011).

As noted, State Farm insists that Dr. Gelvin is claiming up to $50,000 in penalties. Putting aside that State Farm has not set forth the facts in controversy that support a determination that Dr. Gelvin seeks to recover $50,000 in penalties, Dr. Gelvin counters that, in fact, after factoring in all recoverable penalties, State Farm's exposure is limited to $59,500.[6]

Because State Farm offers no support for its position, the plaintiff's proposed calculation of the amount in controversy is helpful and, ultimately, persuasive. To reach $59,500 as Dr. Gelvin's asserted amount in controversy, the plaintiff points out the following: 50% of State Farm's $25,000 policy limits is $12,500. Adding State Farm's limits of $25,000 and the highest penalty allowed under La.R.S. 22:1892 ($12,500) together, Dr. Gelvin would be entitled to maximum damages under her policy and 22:1973 of not more than $37,5000. Then, the Court factors in the penalty allowed under La.R.S. 22:1973, which is based not on the contractual amount owed but, rather, on the damages sustained by

---

[6]The Court presumes that Dr. Gelvin will agree she is judicially estopped from trying to avoid this position in state court.

the insured as a result of the insurer's breach of its duty of good faith and fair dealing. See Durio v. Horace Mann Ins. Co., 74 So.3d 1159 (La. 2011). State Farm has failed to suggest any facts in controversy that allow this Court to quantify the damages Dr. Gelvin seeks to recover that are attributable to State Farm's alleged breach of its duty of good faith and fair dealing; accordingly, it seems the highest value that the Court can attribute to this claim is $5,000. See Vizzini v. Amy Falcon Ins. Agency, Inc., No. 07-28, 2008 WL 686890 (E.D. La. March 7, 2008)(Engelhardt, J.)(citations omitted). Thus, continuing the plaintiff's calculation and adding $5,000 (recovery under 22:1973) to $37,500 (policy limits plus $12,500 under 22:1892) plus $17,000 in attorney's fees due under 22:1892 (if the Court awards the plaintiff's counsel's 40% contingency fee on the full award of $42,500), the maximum judgment would be $59,500, which is $15,500 below the $75,000 jurisdictional threshold amount in controversy.[7]

State Farm fails to credibly undermine the plaintiff's proposed calculation of the amount in controversy, or otherwise support its spare assertion that Dr. Gelvin could even seek the

---

[7]The plaintiff's proposed calculation is particularly generous, considering that a plaintiff may be awarded penalties under only one of the two statutes, La.R.S. 22:1892 or 22:1973, whichever is higher, although she may receive attorney's fees under R.S. 22:1892 even if she is awarded penalties under R.S. 22:1973. See Kodrin v. State Farm Fire and Cas. Co., 314 Fed.Appx. 671, 679 n.29 (5th Cir. 2009); Calogero v. Safeway Ins. Co. of La., 753 So.2d 170, 174 (La. 2000).

9

$50,000 in penalties it concludes are at stake here.  Thus, State Farm has failed to satisfy its burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Accordingly, because this Court lacks diversity jurisdiction, the plaintiff's motion to remand is GRANTED.  This case is hereby remanded to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, April 18, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE